UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA

v.                                                   CRIMINAL ACTION NO. 5:23-cr-00093

MATTHEW HARRIS ENGLAND

**MEMORANDUM OPINION AND ORDER**

Pending are Defendant Matthew Harris England's objections [ECF Nos. 62, 67] to Magistrate Judge Aboulhosn's Proposed Findings and Recommendation, filed May 19, 2024, and June 20, 2024.[1]

**I.**

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not, however, conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

**II.**

On June 1, 2023, a two-count Indictment [ECF 1] was returned against Mr. England, charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§

---

[1] Also pending is the Government's Motion to File Response to Defendant's Supplemental Objection. The Court **GRANTS** the Motion [**ECF 68**] and considers the Government's response [**ECF 69**] herein.

922(g)(1) and 924(a)(8), and knowingly receiving and possessing an unregistered firearm, namely a short-barreled shotgun, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871.

On May 6, 2024, Mr. England moved to dismiss the Indictment [ECF 56], contending the charging statutes are unconstitutional under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). The Motion was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R").

On May 14, 2024, Magistrate Judge Aboulhosn recommended the Court deny the Motion. [ECF 61]. Magistrate Judge Aboulhosn concluded neither 18 U.S.C. § 922(g)(1), nor 26 U.S.C. §§ 5841, 5861(d), and 5871 are unconstitutional. Respecting Section 922(g)(1), the Magistrate Judge reiterated Courts in this District have previously concluded, on numerous occasions, it does not contravene the Second Amendment. *See*, *e.g.*, *United States v. Bever*, 669 F. Supp. 3d 578 (S.D.W. Va. 2023) (Faber, J.); *United States v. Bradley*, No. 2:22-cr-00098, 2023 WL 2621352, at *2 (S.D.W. Va. Mar. 23, 2023) (Berger, J.); *United States v. Manns*, No. 5:22-cr-00066, 2023 WL 312130, at *3 (S.D.W. Va. Apr. 27, 2023) (Volk, J.); *United States v. Bolling*, No. 2:21-cr-00087, 2023 WL 4874482, at *5 (S.D.W. Va. Jul. 31, 2023) (Faber, J.); *United States v. Nellum-Toney*, No. 2:23-cr-00034, 2023 WL 6449443, at *5 (S.D.W. Va. Oct. 3, 2023) (Faber, J.); *United States v. Price*, No. 2:22-cr-00097, 2022 WL 6968457, at *8 (S.D.W. Va. Oct. 12, 2022) (Goodwin, J.).

Additionally, as recognized by Mr. England, our Court of Appeals recently reached the same conclusion in *United States v. Canada*, 103 F.4th 257, 258 (4th Cir. 2024), holding "Section 922(g)(1) is facially constitutional because it 'has a plainly legitimate sweep' and may constitutionally be applied in at least *some* 'set of circumstances.'" *Id*. (emphasis in original)

(quoting *Washington State Grange v. Washington State Republican Party*, 522 U.S. 442, 449 (2008)). Our Court of Appeals supplied a non-exhaustive list of convictions falling into such "circumstances," such as "people who have been convicted of a drive-by shooting, carjacking, armed bank robbery, or even assassinating the President of the United States." *Id*. The Court went on to explain as follows:

> Whether the proper analysis focuses on the definition of the "people," the history of disarming those who threaten public safety, *Heller's* and *Bruen's* assurances about longstanding prohibitions, or circuit precent, the answer remains the same: the government may constitutionally forbid people who have been found guilty of such acts from continuing to possess firearms. That ends this facial challenge.

*Id*. at 258-59. Nonetheless, the Court "assumme[d] for the sake of argument" there is yet "*some* room for as-applied challenges to Section 922(g)(1)." *Id*. at 258 (emphasis in original) (internal citations and quotations omitted). In light of *Canada*, Mr. England now asserts in his supplemental objections an as-applied challenge pursuant to *Bruen*. Specifically, he contends his felony convictions triggering his prohibited status under Section 922(g)(1) are non-violent thus rendering Section 922(g)(1) unconstitutional as applied to him. The Court disagrees.

According to the Pretrial Services Report, Mr. England has felony convictions for grand larceny and aiding and abetting the possession of stolen firearms. [ECF 24]. His grand larceny conviction resulted from him robbing a tobacco store of $4,464.20 while brandishing a firearm. His aiding and abetting conviction resulted from the burglary of a sporting goods store where he stole fourteen firearms, various ammunition, and a small sum of currency. Such convictions are no less dangerous to the public than those supplied in *Canada's* non-exhaustive list of convictions to which Section 922(g)(1) is constitutionally applied.

Respecting §§ 5841, 5861(d), and 5871, in a well-reasoned analysis, Magistrate Judge Aboulhosn concluded these statutes and the restrictions they impose on the ownership of

3

certain firearms do not offend the Second Amendment, to which Mr. England objects. Specifically, Magistrate Judge Aboulhosn explained "[w]hile *Bruen* changed the legal landscape as to assessing the constitutional validity of firearm regulations, it did not wholesale find restrictions or criminalization of firearm possession unconstitutional." [ECF 61 at 12]. Magistrate Judge Aboulhosn further explained *Bruen* did not overturn the prior Supreme Court ruling in *United States v. Miller*, 307 U.S. 174, 178 (1939), wherein the Court held that "the protections afforded under the Second Amendment did not extend to the right to keep and bear a 'shotgun having a barrel of less than eighteen inches in length,'" [ECF 61 at 10 (quoting *Miller*, 307 U.S. at 178)], which was subsequently reaffirmed in *District of Columbia v. Heller*, 554 U.S. 570, 581 (2008). Furthermore, as recognized by Magistrate Judge Aboulhosn, the *Bruen* Court itself noted as follows:

> [A]s *Heller* and *McDonald* established and the Court today again explains, the Second Amendment "is neither a regulatory straightjacket nor a regulatory blank check." *Ante*, at 2133. Properly interpreted, the Second Amendment allows a "variety" of gun regulations. *Heller*, 554 U. S. at 636, 128 S.Ct. 2783. As Justice Scalia wrote in his opinion for the Court in *Heller*, and Justice Alito reiterated in relevant part in the principal opinion in *McDonald*:
>
>> "Like most rights, the right secured by the Second Amendment is not unlimited. From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose. . . .[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of fire-arms by felons . . . or laws imposing conditions and qualifications on the commercial sale of arms.[]
>>
>> "We also recognize another important limitation on the right to keep and carry arms. Miller said, as we have explained, that the sorts of weapons protected were those in common use at the time. We think that limitation is fairly supported by the historical tradition of prohibiting the carrying of dangerous and unusual weapons." *Heller*, 554 U.S. at 626−627, and n. 26 (citations and quotation marks omitted); *see also McDonald*, 561 U.S. at 786, 130 S.Ct. 3020 (plurality opinion).

*Bruen*, 597 U.S. at 17 (Kavanaugh, J., concurring).

Having considered Mr. England's objections, the Magistrate Judge's thorough analysis, along with the analyses of the numerous courts to consider the issue -- *see, e.g.*, *United States v. Holton*, 639 F. Supp. 3d 704 (N.D. Tex. 2022) (finding Section 5861(d) constitutional inasmuch as the National Firearms Act regulates dangerous and unusual weapons, not protected conduct); *United States v. Brooks*, 2023 WL 6880419, at *4 (E.D. Ky. Oct. 18, 2023) (finding Section 5861 constitutional following *Bruen* inasmuch as the same "does not prohibit the unregistered possession of all firearms" but merely regulates "unregistered possession of 'unusual or dangerous' firearms," which "fall outside the Second Amendment's scope"); *United States v. Miller*, 2023 WL 6300581, at *3-4 (N.D. Tex. Sep. 27, 2023) (denying motion to dismiss charges under 26 U.S.C. §§ 5841, 5861(d), and 5871 as unconstitutional following *Bruen* inasmuch as "short-barreled rifles are dangerous and unusual weapons" unprotected by the Second Amendment); *United States v. Rush*, 2023 WL 403774. At *2 (S.D. Ill. Jan. 25, 2023) (finding Section 5861(d) constitutional inasmuch as *Bruen* did not alter the exclusion of "dangerous and unusual firearms," such as short-barreled rifles and shotguns, "from Second Amendment protection") -- the Court finds no error in the Magistrate Judge's conclusion that §§ 5841, 5861(d), and 5871 do not run afoul of the Second Amendment.

Without unnecessarily belaboring the matter, Mr. England's contentions are also decisively undermined by the Supreme Court's most recent Second Amendment iteration. *See United States v. Rahimi*, 144 S. Ct. 1889, 1897 (2024) ("At the founding, the bearing of arms was subject to regulations ranging from rules about firearm storage to restrictions on gun use by drunken New Year's Eve revelers. Some jurisdictions banned the carrying of 'dangerous and unusual weapons.'").

5

## III.

Based on the foregoing discussion, the Court **OVERRULES** Mr. England's objections [**ECF 62, 67**], **ADOPTS** the Magistrate Judge's PF&R [**ECF 61**], and **DENIES** Mr. England's Motion to Dismiss Indictment [**ECF 52**].

The Clerk is directed to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: July 30, 2024

Frank W. Volk
United States District Judge